UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:22-MC-00203-PAE

In re Application of

ANATOLIE STATI,

          Applicant,

Pursuant to 28 U.S.C. § 1782
for Judicial Assistance in Obtaining
Evidence for Use in a Foreign and
International Proceeding.

## ORDER GRANTING SUPPLEMENTAL APPLICATION FOR ASSISTANCE PURSUANT TO 28 U.S.C § 1782

THIS CAUSE came before the Court upon the Supplemental Application for Assistance Pursuant to 28 U.S.C. § 1782 filed by Anatolie Stati (the "Applicant"). The Court having considered the § 1782 Supplemental Application and supporting materials and otherwise being fully advised in the premises, finds as follows:

    A.    Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance.

    B.    For purposes of the instant Supplemental Application, the Court finds Applicant seeks documentary and testimonial evidence from The Clearing House Payments Company L.L.C. ("Discovery Target"), who resides or is found in the Southern District of New York.

    C.    The documentary and testimonial discovery sought through this Supplemental Application is for use in a pending proceeding in Moldova, in which there remains a pending investigation regarding numerous actors' roles in the Republic of Kazakhstan ("Kazakhstan"),

including blackmail and misuse of official authority, in the wrongful expropriation of Applicant's substantial oil fields in Kazakhstan. Applicant, his son, and two companies owned by them (collectively, with their companies, the "Statis") obtained an international arbitral award issued by the Stockholm Chamber of Commerce resulting in the Kazakhstan's obligation to pay nearly USD 500 million to the Statis based on the wrongful expropriation.

D. Further, as claimant in the pending Moldovan Action, Applicant is an interested person within the meaning of 28 U.S.C. § 1782.

E. The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Discovery Target is not a party to the proceeding in Moldova, and the information would not be accessible to the Moldovan Prosecutor's Office absent granting this Supplemental Application; (2) there is no indication that the Moldovan Prosecutor's Office would not be receptive to U.S. federal-court judicial assistance as requested in the Supplemental Application; (3) the Supplemental Application does not conceal an attempt to circumvent Moldovan proof-gathering restrictions; and (4) the Supplemental Application seeks discovery that is not unduly intrusive or burdensome as the Supplemental Application requests evidence of the Discovery Target that is the type normally produced by persons during litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Supplemental Application is **GRANTED**.

2. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3. Applicant is authorized to issue and serve a subpoena to the Discovery Target in substantially similar form to the forms attached to the Supplemental Application. The Applicant is further authorized to issue and serve additional follow up subpoenas on the Discovery Target as may be necessary to obtain the documentary and testimonial evidence for use in the pending Moldovan Action.

4. The Discovery Target is ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further Order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this 5th day of December, 2022.

*Paul A. Engelmayer*
UNITED STATES DISTRICT COURT JUDGE