UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re application of ANATOLIE STATI,

Applicant,

Pursuant to 28 U.S.C. § 1782
for Judicial Assistance in Obtaining
Evidence for Use in a Foreign and
International Proceeding.

22 Misc. 203 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is the December 22, 2022 motion from Steppe Capital Pte. Ltd.

("Steppe Capital"), *see* Dkt. 8, seeking to (1) intervene in the pending matter brought under 28

U.S.C. § 1782 ("Section 1782"); (2) obtain from petitioner Anatolie Stati ("Stati") "all

documents that he has received, or will receive, in response to any issued subpoenas," *id.* at 8;

and (3) obtain from the Court "a protective order to control the confidentiality and use of any

documents obtained by [Stati] in this action," *id.*  On December 30, 2022, Steppe Capital

conceded the issue of (1) Steppe's intervention, *see* Dkt. 11 at 13, but opposed the issues of (2)

the discovery and (3) a protective order.  The Court addresses each of the motion's requests in

turn.

First, there is no dispute between the parties that Steppe Capital is entitled to intervene in

this matter.  Accordingly, the Court grants Steppe's motion to intervene.  Second, Steppe Capital

has failed to proffer any reasonable basis, let alone any legal authority, that permits it to obtain

*all* discovery produced to Stati in response to subpoenas issued pursuant to this Section 1782

suit.  As Steppe Capital itself concedes, "Steppe Capital, to be sure, has no connection to the

alleged conduct at issue in the Moldovan proceeding or the purported actions that led to the

Stockholm award." Dkt. 8 at 10.  Accordingly, the Court denies Steppe Capital's motion to

obtain all discovery responsive to the subpoenas.  Third, Steppe Capital, in seeking a protective

order, has failed to "include a certification that [it] has in good faith conferred or attempted to

confer with other affected parties in an effort to resolve the dispute without court action."

Federal Rule of Civil Procedure 26(c)(1).  In the interests of judicial economy, the Court denies

Steppe Capital's motion for a protective order without prejudice to Steppe Capital's right to

renew the motion after conferring with opposing counsel in good faith and so certifying to the

Court that it has done so.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 18, 2023
       New York, New York